IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00174-BNB

KAT BAILOT,

Plaintiff,

v.

STATE OF CO,
MACHOL AND JOHANNES, LLC, and
MARINER HEALTH CENTRAL INC., c/o TBT ENTERPRISES INC.

Defendants.

## ORDER OF DISMISSAL

Plaintiff, Kat Bailot, currently resides in Lafayette, Colorado. Plaintiff initiated this action by filing *pro se* a complaint. In an order entered on January 26, 2010, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Plaintiff to cure certain deficiencies if she wished to pursue her claims.

Specifically, Magistrate Judge Boland ordered Plaintiff to submit within thirty days an amended complaint complete with pages three through five and with her asserted claims for relief. On February 1, 2010, Plaintiff only submitted pages three through five with her asserted claims for relief and attachments. Therefore, on February 5, 2010, Magistrate Judge Boland ordered Ms. Bailot to submit, within thirty days, a fully completed amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

On February 9, 2010, Ms. Bailot submitted an amended complaint and a separate amendment to the amended complaint. On February 12, 2010, Magistrate Judge Boland granted Ms. Bailot leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Ms. Bailot's filings liberally because she is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint, the amendment to the complaint, and the action will be dismissed.

Ms. Bailot's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Boland informed Ms. Bailot in the February 5 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). He pointed out that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Magistrate Judge Boland noted Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is

2

reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The amended complaint filed on February 9 fails to set forth a short and plain statement of the grounds on which the Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). For example, as the basis for jurisdiction, Ms. Bailot cites to the following authorities:

> Federal Congress 18 U.S.C. § 1622
> 14th Amendment rights
> Title VII Civil Rights Act of 1964
> FDCPA 15 USC 1692

Amended complaint at 2.

Title 18 U.S.C. § 1622, which concerns subornation of perjury, is a criminal statute. To the extent Ms. Bailot may be citing to a criminal statute in an attempt to initiate a federal criminal prosecution, she seeks to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. She may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally

3

have no standing to institute federal criminal proceedings."). Therefore, to the extent she is attempting to do so, Ms. Bailot lacks standing to maintain a criminal action.

Ms. Bailot's reference to her "14th Amendment rights" as a statutory basis for jurisdiction is unclear. What is clear is that she appears to be asserting jurisdiction pursuant to 15 U.S.C. § 1692, the Fair Debt Collection Practices Act, and pursuant to Title VII of the Civil Rights Act of 1964.

However, she fails to provide a short and plain statement of the claims for relief. *See* Fed. R. Civ. P. 8(a)(2). Her vague and conclusory allegations in the amended complaint simply do not make not clear what her claims are. Nor is it clear whether she is trying to assert claims of employment discrimination under Title VII or claims of unfair debt collection practices under 15 U.S.C. § 1692, or some combination of both. Ms. Bailot apparently expects the Court and Defendants to piece together her claims and their factual support from in the documents attached to her original complaint. This is not a judicial function. It is Ms. Bailot's responsibility to present her claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and must be dismissed. Accordingly, it is

ORDERED that the amended complaint, as amended, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this __23rd__ day of __February__, 2010.

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 10-cv-00174-BNB

Kay Bailot
10695 Arapahoe Rd.
Lafayette, CO 80026

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/24/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk